UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Scott T. Franz, an individual,                              Civil No. 10-2025 (DWF/FLN)

          Plaintiff,

v.                                                          **MEMORANDUM**
                                                    **OPINION AND ORDER**

BAC Home Loans Servicing, LP,
a Texas Limited Partnership and as
Successor in Interest to Countrywide
Home Loans Servicing, LP;
Mortgage Electronic Registration
Systems, Inc., a Delaware Corp.;
Green Point Mortgage Funding, Inc.,
a New York Corporation; and
John & Jane Does 1-10,

          Defendants.

_____

Michael J. Keogh, Esq., Keogh Law Office, counsel for Plaintiff.

Michael G. Patiuk, Esq., and Jodee K. McCallum, Esq., Thompson, Coe, Cousins & Irons, LLP, counsel for Defendants BAC Home Loans Servicing, LP, and Mortgage Electronic Registration Systems, Inc.

Ellen B. Silverman, Esq., and Aaron D. Van Oort, Esq., Faegre & Benson LLP, counsel for Defendant Green Point Mortgage Funding, Inc.

_____

**INTRODUCTION**

This matter is before the Court on a Motion to a Dismiss brought by Defendants BAC Home Loans Servicing, LP ("BAC"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (Doc. No. 19) and a Motion to Dismiss brought by Defendant

GreenPoint Mortgage Funding, Inc. ("GreenPoint") (Doc. No. 14). For the reasons set forth below, GreenPoint's Motion is granted and BAC and MERS' Motion is granted in part and denied in part.

## BACKGROUND

On April 12, 2007, Plaintiff Scott T. Franz obtained a $417,000 mortgage loan to cover a refinance of his "primary principal dwelling and home." (Am. Compl. ¶¶ 15-16.) Franz's home is located at 510 College Street, Northfield, MN, legally described as: The South ½ of Lot 3, and the North 41 feet of Lot 2, Block 50, Original Town, now city of Northfield, Rice County, Minnesota. (*Id*. ¶ 15, Ex. 2.) Defendant GreenPoint was the originator of the loan. (*Id*. ¶ 17.) After the closing, GreenPoint "sold an interest in the [t]ransaction to Countrywide . . . whose successor, BAC who [sic] now maintains a pecuniary interest." (*Id*. ¶ 25.)

The Amended Complaint alleges that the material documents to the transaction "all failed in one or more material respects to disclose to Franz in a form and manner required by applicable statute and regulation, the true nature and cost of this Transaction." (*Id*. ¶ 24.) Franz alleges that on April 29, 2009, he sent a Rescission Notice and qualified written request ("QWR") to "all known interested Parties." (*Id*. ¶ 30.) The Amended Complaint further alleges that Franz's Rescission Notice was "received by Countrywide, BAC's predecessor in interest on May 11th, 2010" and "received by GreenPoint on May 4th[th] [sic], 2010." (*Id*. ¶¶ 31-32.)

Franz contends that GreenPoint and Countrywide refused to answer Franz's QWR and refused to honor Franz's Rescission. (*Id*. ¶ 35.) Ultimately, the Amended Complaint

2

alleges that Defendants unlawfully imposed finance charges and unlawfully conducted a foreclosure proceeding and Sheriff's sale on the property on April 20, 2010. (*Id.* ¶ 51.)

The Amended Complaint alleges four counts against all Defendants: (1) Failure to Rescind under the Truth in Lending Act ("TILA") & Reg. Z; (2) violations of TILA and Reg. Z; (3) violations of the Real Estate Settlement Procedures Act ("RESPA") and a recoupment claim; and (4) violations of the Minnesota Deceptive Trade Practices Act, §§ 325D.43, *et seq*. ("MDTPA").

## DISCUSSION

### I. Standard of Review

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must

contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II.  TILA

The parties contend that Franz's TILA claims fail because the claims do not meet the pleading requirements of Fed. R. Civ. P. 8(a)(2), they are time-barred, and they are precluded because Franz has not tendered the loan proceeds, a prerequisite to rescission. In addition, BAC and MERS allege that Franz's TILA claims fail because MERS is not a "creditor" for purposes of TILA liability, and because BAC and MERS are not liable as "assignees" under TILA.

### A.  Fed. R. Civ. P. 8(a)

Defendants first assert that Franz's Amended Complaint fails because, in alleging that the closing documents "all failed in one or more material respects to disclose to the Plaintiff in a form and manner required by applicable statute and regulation, the true nature and cost of this Transaction" (Am. Compl. ¶ 24), Franz fails to identify what the allegedly "material respects" are. In addition, Defendants point to Franz's allegation that GreenPoint understated the "Finance Charge" by not including "multiple charges on the HUD-1 settlement statement" (*id.* ¶¶ 26, 27) without identifying the "multiple charges"

4

that were not included.  On its face, Franz's TILA claim fails to meet the basic pleading requirements of Fed. R. Civ. P. 8(a)(2).  Franz's TILA claim merely raises conclusory statements that do not satisfy *Twombly*.  As such, Franz's TILA claim fails in this regard.

In his responsive briefing, Franz asserts that seven specific charges were improperly excluded from his finance charge.  Specifically, Franz points to the HUD-1 statement that "shows at minimum but not limited to seven (7) charges (lines 803,809,810,812,1101,1108,1204) [sic] which were neither excludable from the finance charge and exceeded what was 'bona fide and reasonable.'" [sic]  (Doc. No. 27 at 7.)  These allegations, however, were not pleaded in the Amended Complaint.  Moreover, even if these allegations were included in the Amended Complaint, the charges to which Franz points were either explicitly included in the finance charge (lines 809, 810, 812, 1101) or expressly excluded from the TILA finance charges pursuant to 15 U.S.C. § 1605(e)(5) (lines 803, 1108, 1204).  (*See* Doc. No. 17.)  Thus, even if Franz had properly alleged these charges in his Amended Complaint, Franz's claim fails in this regard.

Defendants further argue that Franz's TILA claim for actual and statutory damages should be dismissed because it is time-barred.  Section 1640(e) provides that an action for damages under TILA must be brought "within one year from the date of the occurrence of the violation . . . ."  15 U.S.C. § 1640(e).  Franz alleges that he refinanced his home on April 12, 2007, but he did not file his Complaint until May 2010.  Franz's claim for damages is thus time-barred.

5

In his briefing, Franz contends that Defendants failed to respond to Franz's Rescission Notice, thus allowing him a three-year period to rescind and an additional year to bring a claim of damages after Defendants allegedly denied his Rescission Notice. (Doc. No. 27 at 9.)  In response, Defendants assert that Franz failed to serve them within one year of the alleged denial.  Rescission under TILA is conditioned on repayment of the amounts advanced by the lender.  *Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1170 (9th Cir. 2003).  Other courts have dismissed rescission claims under TILA at the pleading stage based on the plaintiff's failure to allege an ability to tender loan proceeds. *See, e.g., Garza v. Am. Home Mortg.*, No. CV F 08-1477 LJO GSA, 2009 WL 188604, at *2 (E.D. Cal.  Jan. 27, 2009) (stating that "rescission is an empty remedy without [the borrower's] ability to pay back what she has received").  Because Franz has failed to plead the ability to tender, his rescission claim is dismissed.  However, the Court will stay the dismissal of the rescission claim for forty-five (45) days to allow Franz to amend his claim.  Should Franz fail to amend his claim so as to adequately allege a rescission claim within the prescribed time period, the counterclaim will be dismissed with prejudice.  The Court will address the parties' arguments regarding the statute of limitations if this issue still remains on a later motion to dismiss.

As a final matter, Franz argues that he can raise a recoupment claim under TILA and that this claim is not subject to the statute of limitations.  Section 1640(3) provides that a person can assert "a violation of [TILA] in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action . . . ."  15 U.S.C. § 1640(e).  However,

6

"'[t]o qualify as recoupment a cause of action must be asserted defensively.'" *DeVary v. Countrywide Home Loans, Inc.*, 701 F. Supp. 2d 1096, 1106 (D. Minn. 2010) (quoting *In re Smith*, 737 F.2d 1549, 1554 (11th Cir. 1984)). Here, Franz does not allege recoupment as a defense, but rather attempts to bring an affirmative recoupment claim as part of his action to collect damages against Defendants. As such, Franz's recoupment claim fails.

Because the Court has concluded, for a variety of reasons, that Franz's TILA claim fails, the Court need not address BAC and MERS' remaining contentions as to whether those entities are subject to liability as creditors or assignees.

### III. RESPA

Count 3 of the Amended Complaint alleges that Defendants violated RESPA by failing to properly respond to Franz's QWR. First, Defendants MERS and GreenPoint contend that they are not "servicers" subject to RESPA liability. Second, Defendant BAC asserts that Franz's RESPA claim fails because his written request was not a valid QWR. Finally, Defendants BAC and MERS assert that Franz's RESPA claim fails because Franz has failed to adequately allege damages under RESPA. Franz offers no argument in his responsive brief to support his RESPA allegations. (*See* Doc. No. 27 at 14.)

RESPA requires that when "a servicer of a federally related mortgage loan receives a qualified written request from the borrower . . . for information related to servicing of such loan, the servicer shall provide a written response acknowledging receipt within 20 days . . . ." 12 U.S.C. § 2605(e)(1)(A). The servicer is then required to take certain actions within sixty days of receiving the QWR. 12 U.S.C. § 2605(e)(2).

7

"Servicing" is defined as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3).  Here, Franz alleges that Defendant GreenPoint was the originator, not the servicer of the loan.  (Am. Compl. ¶ 17.)  And Franz alleges that Defendant MERS "is an electronic registry and clearinghouse established to track ownership or changes thereof, servicing rights in mortgages, corporate names and mergers."  (*Id*. ¶ 8.)  Because Franz makes no allegations to support the notion that MERS and GreenPoint are "servicers" of the loan, Franz's RESPA claim fails as to those two parties.

Defendant BAC asserts that Franz's written request to Countrywide was not a QWR triggering a servicer's duty to disclose under RESPA.  A QWR is defined as "written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that (i) includes, or otherwise enables the servicer to identify, the name and account of the buyer; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B).

BAC argues that Franz's written request failed to identify any error in the servicing of his account, failed to explain Franz's reason for believing there was a servicing error on the account, and failed to provide sufficient detail regarding the

8

specific information that Franz sought. However, BAC has not provided the Court with a copy of or reference to Franz's written request. Thus, at this stage of the proceedings, this portion of Franz's RESPA claim remains intact.

**IV.    MDTPA**

Finally, Defendants assert that Franz fails to state a claim under the MDTPA. The MDTPA is governed by the heightened pleading standards of Fed. R. Civ. P. 9(b). *Russo v. NCS Pearson, Inc.*, 462 F. Supp. 2d 981, 1003 (D. Minn. 2006). Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud or mistake." Franz alleges that he is acting "to remedy the ongoing, unlawful, unfair and fraudulent business practices alleged herein," that "Defendants . . . have committed acts of unfair competition proscribed by Minn. DTPA including the practices alleged herein," that Defendants engaged in "'unlawful' business practices" and "'unfair' business practices," and that Defendants "made one or more misrepresentations and/or/failed to make accurate representations and/or failed to provide material information about the Transaction." (Am. Compl. ¶¶ 66, 69, 72-4). Franz has failed to allege a specific deceptive trade practice, nor has he alleged who committed fraud, when the fraud was committed, or the nature of the fraud. Franz's allegations fail to satisfy Rule 9(b)'s particularity requirement.[1]

---

[1] Moreover, the Court agrees with Defendants that Franz cannot bring a claim under the MDTPA because he is not seeking to obtain a public benefit. *See Devary v. Countrywide Home Loans, et al.*, 701 F. Supp. 2d 1096, 1108 (D. Minn. 2010).

**ORDER**

Thus, **IT IS HEREBY ORDERED**:

1.      The Motion to dismiss brought by Defendants BAC and MERS (Doc. No. [19]) is **GRANTED IN PART AND DENIED IN PART.**

2.      The Motion to Dismiss brought by Defendant GreenPoint (Doc. No. [14]) is **GRANTED**.

3.      Counts 1, 2, and 4 of Plaintiff's Amended Complaint (Doc. No. [9]) are **DISMISSED WITH PREJUDICE**.

4.      Count 3 of the Amended Complaint (Doc. No. [9]) is **DISMISSED WITH PREJUDICE** as to Defendants GreenPoint and MERS.

5.      As to Count 1 only (Plaintiff's rescission claim), this Order is **STAYED** for forty-five days to allow Franz to amend his rescission counterclaim.  Should Franz amend his claim so as to adequately allege a rescission claim within the prescribed time period, the stay will be lifted and the Motion to Dismiss will be denied.  Should Franz fail to amend his claim so as to adequately allege a rescission claim within the prescribed time period, the stay will be lifted and his claim for rescission will be dismissed with prejudice.

Dated:  March 8, 2011                    s/Donovan W. Frank
                                         DONOVAN W. FRANK
                                         United States District Judge